Donald L. Bartels (State Bar No. 65142)
Rosalyn P. Mitchell (State Bar No. 173829)
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, CA 94111
Telephone: (415) 984-8200
Facsimile: (415) 984-8300
dbartels@nixonpeabody.com
rmitchell@nixonpeabody.com

Attorneys for Plaintiff Biscotti, Inc.


Mark D. Brutzkus (State Bar No. 128102)
Luis A. Garcia (State Bar No. 146876)
EZRA| BRUTZKUS| GUBNER LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
mbrutzkus@egb-law.com
lgarcia@ebg-law.com

Attorneys for Defendant Kandy Kiss of California, dba Zoey

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BISCOTTI, INC., <br><br> Plaintiff, <br> v. <br><br> KANDY KISS OF CALIFORNIA, INC. d/b/a Zoey, and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 3:07-cv-03681-VRW <br><br> **STIPULATED [PROPOSED] PROTECTIVE ORDER REGARDING THE DISCLOSURE OF CONFIDENTIAL MATERIALS** |

Plaintiff BISCOTTI, INC. and Defendant KANDY KISS OF CALIFORNIA, INC., d/b/a Zoey, by and through their respective counsel of record, hereby stipulate pursuant to Fed. R. Civ. P. 26(c), subject to the approval of the Court, to the entry of a protective order in the above-captioned action as follows:

STIPULATED PROTECTIVE ORDER

1.   A party or nonparty may designate as confidential, in whole or in part, any document, thing, or information which contains confidential information and which is to be disclosed to a party in this action. Confidential information shall not include any information that: (a) is or becomes publicly available without the receiving party's breach of any obligation owed to the disclosing party or nonparty, (b) is or becomes known to the receiving party from a source other than the disclosing party or non-party (other than by the breach of an obligation of confidentiality owed to the disclosing party or nonparty), or (c) is independently developed by the receiving party.

2.   Such designation of confidentiality shall be made, where practical, by marking each page of a document, each separate part or component of a thing, or each separate item of other information in a conspicuous manner. If not practical to so mark the material itself, a container for or a tag attached to the material shall be so marked.

3.   Two levels of confidentiality are provided herein, and the marking shall be chosen from one of the following markings as appropriate:

   (a)   "CONFIDENTIAL"; and/or

   (b)   "CONFIDENTIAL – ATTORNEYS ONLY".

As used herein, these two levels of confidentiality are collectively referred to as the "CONFIDENTIALITY MARKINGS".

4.   A party or nonparty may designate material as CONFIDENTIAL, in whole or in part, if the party or nonparty has a good faith belief that the material so designated constitutes a trade secret or confidential commercial, research, or development information. A party or nonparty may designate as CONFIDENTIAL- ATTORNEYS ONLY only information or materials of such a highly proprietary and/or trade secret nature that the risk of improper use arising from disclosure to another party clearly outweighs the right of that party to review items produced in this action, including but not limited to highly sensitive technical or financial information, trade secrets, strategic plans or business information such as vendors, costs, pricing, or a customer list.

5.   In lieu of marking the original of a document or other material prior to inspection, the party or nonparty who produces material designated under one or more of the CONFIDENTIALITY MARKINGS ("Producing Party") or its counsel may orally designate any document or other material

being produced for inspection by a party or counsel for a party as being subject to one or more of the CONFIDENTIALITY MARKINGS, thereby making it, and the information it contains, temporarily subject to this Order. However, each copy of such document or other material subsequently delivered to the inspecting party or counsel must be marked with one or more of the CONFIDENTIALITY MARKINGS as required by this Order at the time it is so delivered in order to make the document and copies subject to this Order. All documents shall be deemed temporarily subject to this Order as if marked CONFIDENTIAL for ten (10) business days from such delivery, unless otherwise agreed by the parties on a case by case basis, to permit the Producing Party to correct any inadvertent failure to so mark delivered documents.

6. Access to material designated with one or more of the CONFIDENTIALITY MARKINGS under this Order shall be limited as follows:

   A. Subject to paragraph 6(C) below, and any further order of the Court, access to material designated CONFIDENTIAL and to any portion of any transcript, brief, affidavit, memorandum or other paper that contains or reveals material so designated, shall be limited to:

   i. outside counsel of record for the parties, including their partners and associates who assist them in this matter;

   ii. the employees of such counsel of record (including technical advisors, patent agents, secretaries, paralegals, and clerks) actually assisting such counsel in preparation of this case, provided, however, that such employees have access to material designated CONFIDENTIAL only to the extent necessary to perform their duties;

   iii. employees of the parties actually assisting counsel of record in preparation of this case;

   iv. non-party experts or consultants, including their secretarial and clerical personnel, retained to assist counsel of record in this case provided that such persons shall be given a copy of this Order, advised that they are bound by it, and sign the Undertaking attached hereto as Exhibit A.

       v.     Court reporters involved in transcribing depositions or other proceedings in this litigation, and videographers involved in recording depositions, provided that they agree to be subject to the terms of this Order and provided that they are provided information designated CONFIDENTIAL only to the extent necessary to perform their duties;

       vi.    outside vendors who specialize in the business of microfiching, photocopying, computer classification, or similar clerical functions, but only for so long as necessary to perform those services;

       vii.   the Court;

       viii.  Court personnel involved with this case;

       ix.    members of the jury in this case; and

       x.     any other person only upon order of the Court or upon written consent of the party or nonparty producing the information or material designated under one or more of the CONFIDENTIALITY MARKINGS, provided that such persons shall be given a copy of this Order, advised that they are bound by it, and sign the Undertaking attached hereto as Exhibit A.

   B.    Subject to paragraph 6(C) below, and any further order of the Court, access to material designated CONFIDENTIAL –ATTORNEYS ONLY and to any portion of any transcript, brief, affidavit, memorandum or other paper that contains, reveals or refers to material so designated, shall be limited to:

       i.     outside counsel of record for the parties, including their partners and associates who assist them in this matter;

       ii.    employees of such counsel of record (including technical advisors, patent agents, secretaries, paralegals, and clerks) actually assisting such counsel in preparation of this case, provided, however, that such employees have access to material designated CONFIDENTIAL – ATTORNEYS ONLY only to the extent necessary to perform their duties;

       iii.   non-party experts or consultants, including their secretarial and clerical personnel, retained to assist counsel of record in this case provided that such persons shall be given a copy of this Order, advised that they are bound by it, and sign the Undertaking attached hereto as Exhibit A;

    iv. Court reporters involved in transcribing depositions or other proceedings in this litigation, and videographers involved in recording depositions, provided that they agree to be subject to the terms of this Order and provided that they are provided information designated CONFIDENTIAL – ATTORNEYS ONLY only to the extent necessary to perform their duties;

    v. outside vendors who specialize in the business of microfiching, photocopying, computer classification, or similar clerical functions, but only for so long as necessary to perform those services;

    vi. the Court;

    vii. Court personnel involved with this case;

    viii. members of the jury in this case; and

    ix. any other person only upon order of the Court or upon written consent of the party or nonparty producing the information or material designated under one or more of the CONFIDENTIALITY MARKINGS, provided that such persons shall be given a copy of this Order, advised that they are bound by it, and sign the Undertaking attached hereto as Exhibit A.

  C. The designation of any document as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS ONLY shall not preclude any party from showing the material to any person (a) who appears as the author or as an addressee on the face of the material and is not otherwise shown prior to such disclosure not to have received the material, or (b) who has been identified by the designating party or nonparty as having been provided with the material.

  Nothing contained in this Order shall affect the right of the Producing Party to disclose or use for any purpose the documents or information produced and/or designated by it as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS ONLY.

  7. Entering into, agreeing to, and/or producing or producing or receiving information or material designated under one or more of the CONFIDENTIALITY MARKINGS, or otherwise complying with the terms of this Order shall not:

A.  operate as an admission by any party that any information or material designated under one or more of the CONFIDENTIALITY MARKINGS contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

B.  operate as an admission by any party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS ONLY;

C.  prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery or privileged;

D.  prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order;

E.  prejudice in any way the rights of a party to seek a determination by the Court whether any information or material should be subject to this Order;

F.  prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly confidential information; or

G.  prevent the parties to this Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

8. Notwithstanding the designations of CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS ONLY, nothing in this Order shall be construed to prevent a party or nonparty from seeking modification of this Order by application to the Court.

9. If during the course of a deposition taken in this action any questions are to be asked or any answers are to be given regarding confidential material, then only persons designated in the appropriate sections of paragraph 6 above, the deponent (and the deponent's counsel in the case of a separately represented nonparty), and the reporter and videographer shall be allowed to be present during such portion of the deposition. This paragraph shall not be deemed to authorize disclosure of any confidential material to any person to whom disclosure is prohibited under this Order.

10. Any deponent or party attending a deposition may at the deposition designate the deposition under one or more of the CONFIDENTIALITY MARKINGS, and request the reporter to insert a statement regarding the confidentiality of the information into the deposition transcript, or may have until twenty (20) days after receipt of the deposition transcript within which to inform the parties, in writing, what specific portions of the transcript are designated under one or more of the CONFIDENTIALITY MARKINGS. No such deposition transcript shall be disclosed to any person other than appropriate persons described in paragraph 6 above and the deponent (and the deponent's counsel in the case of a separately represented nonparty) during these twenty (20) days, and no person attending such a deposition shall disclose the contents of the deposition to any person other than those as described in paragraph 6 during said twenty (20) days. Upon being informed that certain portions of a deposition are designated under one or more of the CONFIDENTIALITY MARKINGS, each party shall cause each copy of the transcript in its possession, custody or control to be so marked, to the extent not already marked by the reporter. Upon expiration of the twenty (20) day period, any deposition transcript, or portions of a deposition transcript designated under one or more of the CONFIDENTIALITY MARKINGS under this paragraph, either at the time of the deposition or within the twenty (20) day period for designation, shall be subject to all other paragraphs in this Order affecting material so designated.

11. Material designated under one or more of the CONFIDENTIALITY MARKINGS as provided herein shall not be used or disclosed by any recipient for any purpose other than in connection with the above-captioned action and shall not be disclosed by the recipient to anyone other than those persons designated in the appropriate section of paragraph 6 above, unless and until the restrictions herein are removed by Order of the Court or by written stipulation of the parties and disclosing nonparty, subject to the approval of the Court.

12. Inadvertent disclosure of confidential materials without identifying the same as being subject to one or more of the CONFIDENTIALITY MARKINGS shall not be deemed a waiver of confidentiality with regard to similar information, nor shall it be deemed a waiver of confidentiality with regard to the information inadvertently disclosed. When the designating party or nonparty learns of such error, it shall promptly provide all parties written notice of the correct designation, and

all recipients shall henceforth abide by such designation in accordance with this Order. The designation of non-confidential materials as being subject to one or more of the CONFIDENTIALITY MARKINGS shall not be admissible in any proceeding as evidence that the material in fact contained confidential information.

13. Nothing in this Order shall be construed to prevent a party to this action from opposing the designation of materials as being subject to one or more of the CONFIDENTIALITY MARKINGS at any time. A party opposing the designation of materials under one or more of the CONFIDENTIALITY MARKINGS shall serve a written objection, including a statement of the grounds for the objection, on the designating party or nonparty. The parties shall confer in good faith as to the validity of the designation within five (5) business days after the challenging party has received the notice of the bases for the asserted designation. The designating party or nonparty will have ten (10) business days following the receipt of the objection to withdraw its CONFIDENTIAL designation, or to withdraw or modify its designation of CONFIDENTIAL –ATTORNEYS ONLY. If the CONFIDENTIAL designation is not withdrawn, or if the CONFIDENTIAL – ATTORNEYS ONLY designation is not withdrawn or modified as requested, the objecting party may move the Court for an order removing the CONFIDENTIAL designation, and/or removing or modifying the CONFIDENTIAL – ATTORNEYS ONLY designation with the confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Order or downgraded in terms of the degree of protection provided. Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question as designated.

14. Each recipient of material designated under one or more of the CONFIDENTIALITY MARKINGS ("Receiving Party") shall maintain such material in a secure, safe area and shall exercise the same standard of care with respect to the storage, custody, use and dissemination of such material as is exercised by the Receiving Party with respect to its own confidential material.

15. If information subject to a claim of attorney-client privilege or work-product immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. If a

1  Producing Party has inadvertently produced to a Receiving Party information subject to a claim of
2  immunity or privilege, said Producing Party shall promptly upon discovery of such inadvertent
3  disclosure so advise the Receiving Party in writing and request that the item or items of information
4  be returned. The Receiving Party shall return such inadvertently produced item or items of
5  information and all copies thereof within ten (10) business days of the earliest of (a) discovery of the
6  Receiving Party of the inadvertent production or (b) receiving a written request for the return of such
7  item or items of information. The Receiving Party shall also destroy all copies of that document that
8  may have been made. The Receiving Party may move the Court for an Order compelling production
9  of such information, but the motion shall not assert as a ground for production the fact or
10 circumstances of the inadvertent production.

11     16.    A.    All deposition transcripts, exhibits, answers to interrogatories, and other
12 documents filed with a Court pursuant to pretrial discovery in this action that have previously been
13 designated as being subject to one or more of the CONFIDENTIALITY MARKINGS, or any
14 pleading, brief, or memorandum reproducing or paraphrasing such material, shall be lodged with the
15 Court for filing in accordance with Civil L.R. 79-5.

16            B.    The confidential portions of documents and things that are accepted for filing
17 under seal by the Court shall be treated in accordance with Civil L.R. 79-5.

18     17.    All parties agree to be bound by the terms of this Order pending its entry by the Court.

19     18.    The provisions of this Order shall, absent written permission of the Producing Party or
20 further order of the Court, continue to be binding throughout and after the conclusion of this action,
21 including without limitation any appeals therefrom.

22     19.    Within sixty (60) days after receiving notice of the entry of an order, judgment or
23 decree finally disposing of this action, including any appeals therefrom, all persons having received
24 information or materials designated under one or more of the CONFIDENTIALITY MARKINGS
25 which have been provided by a designating party or nonparty to a party during the course of this
26 action, together with all reproductions, copies, abstracts, indices or summaries of those materials,
27 shall be destroyed or delivered to counsel for the designating party or nonparty. Such destruction
28 shall be certified by each party in writing. Notwithstanding the above, each outside trial counsel of

the parties may retain one copy of material designated CONFIDENTIAL or CONFIDENTIAL – FOR ATTORNEY'S EYES ONLY, to maintain a complete file of the litigation.

20.     If material designated under one or more of the CONFIDENTIALITY MARKINGS is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the designating nonparty and all parties, and without prejudice to the rights and remedies of the designating party or nonparty, make every effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part and further unauthorized use and disclosure on the part of the recipient of such information or material.

21.     Without written permission from the designating party or a Court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any material or information designated under one or more of the CONFIDENTIALITY MARKINGS. A party that seeks to file under seal any material or information designated under one or more of the CONFIDENTIALITY MARKINGS must comply with Civ. L.R. 79-5.

22.     In the event that any material or information designated under one or more of the CONFIDENTIALITY MARKINGS is used in any court proceeding in connection with this litigation, it shall not lose its confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

23.     In the event that any non-party shall be called upon, by a subpoena or otherwise, to produce documents or information considered confidential by such non-party, such non-party may elect to have its documents and information protected under the terms of this Order by so notifying counsel for all parties in writing. Upon service of such notice, such non-party may designate documents and other information as confidential in the manner set forth in this Order. Such non-party's confidential information shall be treated in the same manner as confidential information of a party to this action. In the event a non-party that has elected to be governed by this Order is under subpoena issued by this Court or another court, such court shall have jurisdiction to entertain and decide any motion regarding such non-party brought pursuant to this Order or to otherwise enforce the provisions of this Order regarding such non-party.

24. All notices required by this Order are to be served via facsimile with confirmation by regular mail to the appropriate attorney(s) at counsel of record for the parties. The date by which a party receiving a notice shall respond, or otherwise take action, shall be computed from the date indicating that the facsimile was transmitted.

This Order shall remain in effect after the final determination of this action, unless otherwise ordered by the Court.

Dated: January 11, 2008

Respectfully submitted,

NIXON PEABODY LLP

By: _____
Donald L. Bartels
Rosalyn P. Mitchell
Attorneys for Plaintiff
BISCOTTI, INC.

Dated: January 11, 2008

EZRA| BRUTZKUS| GUBNER LLP

By: _____
Mark D. Brutzkus
Luis A. Garcia
Attorneys for Defendant
KANDY KISS OF CALIFORNIA, INC.
d/b/a Zoey,

**ORDER**

IT IS SO ORDERED.

Dated: _____

_____
The Honorable Vaughn R. Walker
United States District Court Judge
For the Northern District of California

-11-
STIPULATED PROTECTIVE ORDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BISCOTTI, INC., <br><br> Plaintiff, <br><br> v. <br><br> KANDY KISS OF CALIFORNIA, INC. d/b/a Zoey, and DOES 1-10, inclusive, <br><br> Defendant. | Case No. 3:07-cv-03681-VRW <br><br> **UNDERTAKING** |

**UNDERTAKING PURSUANT TO STIPULATED PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL MATERIALS**

I, _____, having been retained as a[n] _____ of _____ in connection with the above-captioned lawsuit, hereby acknowledge that I am to be provided access to confidential information supplied by _____, as defined in the Protective Order dated _____.

I certify my understanding that the confidential information is being provided to me pursuant to the terms and restrictions of the aforesaid Protective Order and that I have been given a copy of and have read and understood my obligations under that Protective Order. I hereby agree to be bound by the terms of the Order. I understand that the confidential information and my copies or notes relating thereto may be disclosed to or discussed with only those persons permitted by the Protective Order to receive such information.

I will return on request all materials containing confidential information, copies thereof and notes that I have prepared relating thereto, to outside trial counsel for the party with whom I am associated.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct.
3
4  Dated: _____                         By: _____