Donald L. Bartels (State Bar No.  65142)
Rosalyn P. Mitchell (State Bar No. 173829)
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, CA 94111
Telephone:   (415) 984-8200
Facsimile:    (415) 984-8300
dbartels@nixonpeabody.com
rmitchell@nixonpeabody.com

Attorneys for Plaintiff BISCOTTI, INC.


Mark D. Brutzkus (State Bar No. 128102)
Luis A. Garcia (State Bar No. 146876)
EZRA BRUTZKUS GUBNER LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA  91367
Telephone:    (818) 827-9000
Facsimile:     (818) 827-9099
mbrutzkus@egb-law.com
lgarcia@ebg-law.com

Attorneys for Defendant Kandy Kiss of California, Inc., dba Zoey


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA


| | |
|---|---|
| BISCOTTI, INC., | Case No.  3:07-cv-03681-VRW |
| Plaintiff, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| v. | Complaint Filed:      July 17, 2007 |
| KANDY KISS OF CALIFORNIA, INC. d/b/a Zoey, and DOES 1-10, inclusive, | |
| Defendants. | |

Pursuant to Rule 16-9 of the Local Rules of the Northern District of California and this

Court's July 17, 2007 Order Setting Case Management Conference And Requiring Joint Case

1   Management Conference Statement, and subsequent Orders continuing the Case Management

2   Conference, the parties to the above-entitled action jointly submit this Case Management Statement

3   and Proposed Order and request that this Court adopt it as its Case Management Order in this case.

**1.    A brief description of the basis for this Court's subject-matter jurisdiction, whether any issue exists regarding personal jurisdiction or venue, and whether any parties remain to be served.**

6   This District Court is a proper tribunal for this case.

7           a.    Are all the parties subject to the Court's personal jurisdiction?  Yes.

8           b.    Do any parties remain to be served?  No.

**2.    A brief description of the case and defenses, the several key factual events underlying the action, and a brief description of any related proceeding, including any administrative proceedings.**

11      This is a copyright infringement case.  Plaintiff, Biscotti, Inc. ("Biscotti") is a boutique

12  children's clothing designer and manufacturer in business for more than 20 years.  The defendant,

13  Kandy Kiss Of California, Inc. d/b/a Zoey, ("Kandy Kiss" or "Zoey") is a mass marketer of

14  children's clothing.

15      In May 2004, Biscotti designed a new type of embroidery for its dresses, "Emma's Rose."

16  Biscotti has copyright registrations for this embroidery design with the United States Copyright

17  Office ("USCO"), Biscotti's Copyright Registration No. VA 1-272-148 (the "148 Registration") for

18  the Emma's Rose embroidery.  Biscotti began selling and shipping dresses with the Emma's Rose

19  design to retailers in early 2005.

20      In 2006, Zoey copied the Emma's Rose lace designs and used it on dresses nearly identical to

21  Biscotti's (hereinafter the "Emma's Rose Copies").  Zoey likely sold its dress designs through some

22  of the same channels of distribution as Biscotti and sold the Emma's Rose Copies to Biscotti's actual

23  and prospective customers.  These sales caused significant harm to Plaintiff, including but not limited

24  to lost sales, lost profits, and loss of value of the Emma's Rose design.

25           a.    **Plaintiff's Claims:**

26      On July 17, 2007, Plaintiff filed this civil action for copyright infringement and related claims

27  (the "Action").  In the Action, Plaintiff alleged that Defendant infringed Plaintiff's U.S. Copyright

28  Registration No. VA 1-272-148 for Emma's Rose ("Plaintiff's Copyright") by copying the

2

1  embroidery design that is the subject of Plaintiff's Copyright, then producing and selling dresses with

2  the infringing embroidery (the "Disputed Designs").

3          Biscotti is entitled to its actual damages and Kandy Kiss's profits from the sales of the

4  infringing designs to the extent that those profits are not contained in Biscotti's actual damages

5  calculation.  In addition, Biscotti is entitled to prejudgment interest and costs and attorneys' fees.

6  Taking all of these categories of Plaintiff's damages into account, based on currently available

7  information, damages are in excess of $850,000.00.  Biscotti is also entitled to a permanent injunction

8  against Kandy Kiss to preclude the Defendant from selling Biscotti's designs.

9                    **b.    Defendants' contentions:**

10         Kandy Kiss disputes the material allegations in the Complaint.  The Disputed Designs sold by

11  Kandy Kiss are substantially different from the Emma's Rose design.

12         In addition, Kandy Kiss contends that the 148 Registration is not original, and it lacks

13  sufficient creativity to be considered "original."

14         Further, the damages claimed by Biscotti are excessive and unsupported by the facts of the

15  case.

16         **3.    A brief description of the legal issues genuinely in dispute, including whether
             there are any dispositive or partially dispositive issues appropriate for decision
17           by motion or by agreement.**

18

19         A.    Whether Kandy Kiss infringed the respective subject design of Biscotti?

20         B.    Whether, and to what extent, Kandy Kiss acted willfully, negligently or innocently?

21         C.    Whether the design alleged in the Complaint is entitled to registration and/or

22  protection under the Copyright Act, and whether Biscotti did in fact obtain copyright registration to

23  the design in questions, on a timely basis?

24         D.    Whether the asserted copyright registration is invalid and whether it should be subject

25  to cancellation?

26

27         E.    Whether and to what extent Biscotti has incurred actual damages as a result of Kandy

28  Kiss's infringement?

                                    3

F.      Whether the fabric design allegedly printed, utilized and sold by Kandy Kiss is substantially similar to the subject design?

G.      The true and original source of the design at issue.

H.      Ownership of the copyright in the material and design at issue in the Complaint.

I.      Whether the design at issue is copyrightable?

J.      Whether there are any unknown parties legally responsible for the allegations of infringement?

K.      Whether Biscotti is entitled to statutory damages under 17 U.S.C. § 504 and attorney fees under 17 U.S.C. § 505?

L.      Whether the Biscotti design was available for use by the public as an "open pattern" within the public domain?

M.      Whether Kandy Kiss's alleged use constitutes "fair use."

N.      Whether the statute of limitations bars any or all of Biscotti's alleged entitlement to damages?

O.      Whether laches bars any or all of Biscotti's alleged entitlement to damages?

P.      Whether Kandy Kiss had access to Biscotti's copyrighted design?

Q.       Whether Kandy Kiss would be entitled to attorney fees under 17 U.S.C. §505?

R.      Was Biscotti's copyright application properly registered?

S.      Is Biscotti's design an original work of art subject to copyright protection and registration?

T.      Whether Biscotti is entitled to profits that Kandy Kiss made as a result of sales from the infringing dresses?

**4.    A brief description of the procedural history of the matter, including a list of all pending motions and their current status.**

On July 17, 2007, Biscotti filed the instant action in the United States District Court for the Northern District of California.

On September 24, 2007, Kandy Kiss filed an Answer to Complaint.

A Case Management Conference is scheduled for April 24, 2008, at 3:30 p.m. before this Court.

**5.    A brief description of the scope of discovery to date, including whether there has been a full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26.**

The parties exchanged disclosures pursuant to FRCP 26 on January 14, 2008.  Plaintiff propounded a Interrogatories and Request for Production of Documents on December 11, 2007. Defendants served responses on February 1, 2008 and served Supplemental Responses on April 3, 2008.  On February 28, 2008, Defendant served Interrogatories, Requests for Production of Documents, and, a Notice of Deposition of the Person Most Knowledgeable of Biscotti, Inc. Plaintiff's written discovery responses are due April 17, 2008.  The deposition is currently scheduled for April 24, 2008.  In light of pending settlement discussions, Defendant has granted Plaintiff an open extension of time to respond to the outstanding discovery, and agreed to continue the deposition.

**6.    A formal, agreed-upon plan of the discovery each party intends to pursue, including, but not limited to, based upon the nature of the case, the scope and duration of the discovery and whether the parties can limit discovery in any manner, such as using phased discovery to or limiting the scope of initial discovery matters, as well as a list of key witnesses who the parties deem essential to prove their claims or defenses, and the information each party deems essential to obtain from the other to prove their claims or defenses.**

The parties agree that no change in the timing, form, or requirement for disclosures under Rule 26(a) should be made.

The parties agree that no changes should be made to limitations on discovery imposed under these rules or by local rule; however, each party reserves the right to move for a protective order to increase or limit the amount and timing of any such discovery.  The parties submit that at this time no

5

other orders should be entered by the Court under Rule 26(c) or under Rule 16(b) and (c); however, each party reserves the right to move for such a protective order(s).

On January 11, 2008, the parties submitted a Protective Order to the Court to restrict the dissemination of certain categories of confidential information (i.e., confidential sales data and the like) depending on the type of discovery sought by the Parties. The Court entered the Protective Order on February 7, 2008. The Parties submit that the designation of experts, the discovery of expert reports and writings, the deposition of experts and motions concerning expert discovery shall be governed by the procedures, timing and substantive provisions of the Federal Rules of Civil Procedure.

KEY WITNESSES FOR PLAINTIFF

Plaintiff has included witnesses based on the facts and information currently known regarding the claims in this case.  Plaintiff reserves the right to supplement this list as discovery continues. The witnesses set forth below will testify regarding the following subject matter:

| Name | Subject of Information |
|---|---|
| Bernadette Reiss<br>Biscotti, Inc.<br>5601 San Leandro Street<br>Oakland, CA 94621 | Knowledgeable about the copyrighted fabric design, Defendant's infringement, and Plaintiff's damages. Can be contacted through Biscotti's counsel. |
| Robert W. Mack<br>Biscotti, Inc.<br>5601 San Leandro Street<br>Oakland, CA 94621 | Knowledgeable about the copyrighted fabric design, Defendant's infringement, and Plaintiff's damages. Can be contacted through Biscotti's counsel. |
| Carrie Martin<br>Biscotti, Inc.<br>5601 San Leandro Street<br>Oakland, CA 94621 | Knowledgeable about the copyrighted fabric design, Defendant's infringement, and Plaintiff's damages. Can be contacted through Biscotti's counsel. |
| Nannette Love<br>Biscotti, Inc.<br>5601 San Leandro Street<br>Oakland, CA 94621 | Knowledgeable about the copyrighted fabric design, Defendant's infringement, and Plaintiff's damages. Can be contacted through Biscotti's counsel. |
| Robert Galishoff<br>Former Kandy Kiss employee<br>7525 Ethel Avenue, Suite M<br>North Hollywood, CA 91605<br>818.503.8900 | Knowledgeable about sales of the disputed design to Mervyns. |

6

1    Plaintiff reserves the right to supplement the above witnesses.

2    KEY WITNESSES FOR DEFENDANT

3    Defendant anticipates that the following witnesses will be called to testify as witnesses to

4    support its defenses in this case.

| Name | Subject of Information |
|---|---|
| Robert Friedland<br>Kandy Kiss of California, Inc.<br>13931 Balboa Boulevard<br>Sylmar, CA 91342 | Knowledgeable about the Disputed Design and sales. Can be contacted through Kandy Kiss counsel. |
| Sandra Wolf<br>Kandy Kiss of California, Inc.<br>13931 Balboa Boulevard<br>Sylmar, CA 91342 | Knowledgeable about the Disputed Design and sales. Can be contacted through Kandy Kiss counsel. |
| Tad Akin<br>Kandy Kiss of California, Inc.<br>13931 Balboa Boulevard<br>Sylmar, CA 91342 | Knowledgeable about the Disputed Design and sales. Can be contacted through Kandy Kiss counsel. |

Defendant reserves the right to supplement the above witnesses.

**7.    A brief description of the motions each party intends to pursue before trial, the extent to which new parties will be added or existing parties deleted, and the extent to which evidentiary, claim-construction or class certification hearings are anticipated.**

Plaintiff may file a dispositive motion relating to one or more of Plaintiff's claims if appropriate. Defendant intends to file a motion for summary judgment with respect to the alleged infringement and invalidity of the copyright and the copyright registration. The parties do not anticipate adding any additional parties at this time.

**8.    A brief description of the relief sought, including the method by which damages are computed.**

In accordance with 17 U.S.C. §412, the 148 Registration was registered with the USCO in 2004, prior to the commencement of Zoey's infringement and had an effective date of registration not later than 3 months after the first publication of the work.

Biscotti is seeking damages for the work that was infringed. Under 17 U.S.C. §504, the remedies for infringement are either: 1) the copyright owner's actual damages and any profits of the infringer that are attributable to the infringement and are not taken into account in computing actual damages or 2) statutory damages. Having met the registration requirement, Biscotti is free to choose

7

1   either actual damages or statutory damages under 17 U.S.C. §504. Additionally, Biscotti has a right

2   to seek attorneys' fees and costs under 17 U.S.C. §505. In addition to damages and attorneys' fees

3   and costs, Biscotti is entitled to seek an injunction against future infringements under 17 U.S.C. §502.

4       Defendant will seek a recovery of its legal fees and court costs as the prevailing party under

5   the Copyright Act.

6   **9.   ADR efforts to date and a specific ADR plan for the case, whether the parties have complied with Civil L. R. 16-8(b) regarding ADR certification, and the prospects for settlement including whether either party wishes to have a settlement conference with another judge or magistrate.**

7

8   The parties have stipulated to private mediation. The date for the mediation has not been set.

9

10  **10.   Whether all parties will consent to assignment of the case to a magistrate judge to conduct all further proceedings including trial.**

11  The parties do not consent to the assignment of the case to a magistrate judge.

12  **11.   Proposed deadlines and court dates, including a discovery cut-off, hearing dispositive motions, pretrial conference and trial date, the anticipated length of trial, the approximate number of witnesses, experts and exhibits, whether the case will be tried by jury or to the Court, whether it is feasible to bifurcate issues for trial or reduce the length of the trial by stipulation, use of summaries or statements, or other expedited means of presenting evidence.**

13

14

15

16

17  Dispositive Motions Hearing: June 19, 2008       2:30 p.m.

18  Pretrial Conference:         August 14, 2008     2:30 p.m.

19  Trial Date:                  September 22, 2008  2:30 p.m.

20

21  **12.   A service list for all counsel, including telephone and facsimile numbers.**

22  Attorneys for Plaintiff              Attorneys for Defendant
    Biscotti, Inc.                       Kandy Kiss of California, Inc.
23  Donald L. Bartels                    Mark D. Brutzkus, Esq.
    Rosalyn P. Mitchell, Esq.            Luis A. Garcia, Esq.
24  NIXON PEABODY LLP                    EZRA BRUTZKUS GUBNER LLP
    One Embarcadero Center, 18th         21650 Oxnard Street, Suite 500
25  Floor                                Woodland Hills, CA  91367
    San Francisco, CA 94111-3600         Telephone:    (818) 827-9000
26  Telephone:    (415) 984-8200         Facsimile:    (818) 827-9099
    Facsimile:    (415) 984-8300

27

28

                                    8

1      **13.**     **To the extent not specifically addressed above, all other items set forth in Civil L. R. 16-10.**

None.

      **14.**     **In order to assist the Court in evaluating any need for disqualification or recusal, the parties shall disclose to the Court the identities of any person, associations, firms, partnerships, corporations or other entities known by the parties to have either (1) financial interest in the subject matter at issue or in a party to the proceeding; or (2) any other kind of interest that could be substantially affected by the outcome of the proceeding. If disclosure of non-party interested entities or persons has already been made as required by Civil L. R. 3-16, the parties may simply reference the pleading or document in which the disclosure was made. In this regard, counsel are referred to the Court's Recusal Order posted on the Court website at the Judges Information link at .**

None at this time.

## TRIAL SCHEDULE

The parties estimate that trial will last for 3 (plaintiff's estimate) to 5 (defendant's estimate) trial days. Defendant requests a jury trial.

Dated: April 10, 2008            NIXON PEABODY LLP

                   By:    /s/ Rosalyn P. Mitchell
                         DONALD L. BARTELS
                         ROSALYN P. MITCHELL
                         Attorneys for Plaintiff
                         BISCOTTI, INC.

Dated: April 10, 2008            EZRA|BRUTZKUS|GUBNER LLP

                   By:    /s/ Mark D. Brutzkus
                         MARK D. BRUTZKUS
                         LUIS A. GARCIA
                         Attorneys for Defendant
                         KANDY KISS OF CALIFORNIA, INC.

10974030.1

**PROOF OF SERVICE**

*Biscotti, Inc. v. Kandy Kiss of California, Inc., et al.*
**United States District Court, Northern District**
**Case No.   3:07-cv-3681 BZ**

I, the undersigned, certify that I am employed in the City and County of San Francisco, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is Nixon Peabody LLP, One Embarcadero Center, 18th Floor, San Francisco, CA 94111-3600.

On April 10, 2008, I served the following document(s):

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

___:    By First-Class Mail - I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in San Francisco, California, for mailing to the office of the addressee following ordinary business practices.

___:    By Personal Service - I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

___:    By Overnight Courier - I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

___:    By Facsimile - From facsimile number (415) 984-8300 before 5:30 P.M., I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine.  Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.

 **X** :    By Electronic Delivery - I caused each such electronic copy to be sent from the offices of Nixon Peabody, San Francisco, California to the electronic mailing address of the addressee(s).

Addressee(s)

| | |
|---|---|
| Mark D. Brutzkus, Esq.<br>Luis A. Garcia, Esq.<br>EZRA BRUTZKUS GUBNER LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA  91367 | Attorneys for Defendant Kandy Kiss of California, dba Zoey<br><br>Telephone:     (818) 827-9000<br>Facsimile:      (818) 827-9099<br>mbrutzkus@egb-law.com<br>lgarcia@ebg-law.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 10, 2008, at San Francisco, California.

/s/
Kim Love

PROOF OF SERVICE

10974030.2